IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ERRICK M. WRIGHT, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civ. Action No. 16-658-GMS |
| | ) |
| SHELBY SHACKELFORD, | ) |
| | ) |
| Defendant. | ) |

**MEMORANDUM**

The plaintiff, Errick M. Wright ("Wright"), filed this action on August 14, 2014. (D.I. 2.) He appears *pro se* and was granted permission to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. (D.I. 5.) He asserts diversity jurisdiction pursuant to 28 U.S.C. § 1332. The court proceeds to review and screen the complaint pursuant to 28 U.S.C. § 1915(e)(2).

**I. BACKGROUND**

Wright, who resides in Delaware, alleges that the defendant Shelby Shackelford ("Shackelford"), who resides in New Jersey, purposefully deceived Wright and this resulted in his financial loss and Shackelford's unjust enrichment. Wright explains that he received a text message from Shackelford asking for $200 to purchase items for a "romantic gift bag" because she wanted to spend a romantic evening with Wright. Wright believed that Shackelford was sincere and electronically transferred funds to Shackelford in two, $100 transactions. There was also $9.50 service fee for each transfer. After Shackelford confirmed receipt of the monies by text, Wright asked her for a receipt of the items purchased for "bookkeeping purposes." The text confirming receipt of the $200 was the last text Wright received from Shackelford. Wright alleges that Shackelford had no intention of purchasing items for the gift bag.

The complaint contains four counts: (1) fraudulent deceit; (2) breach of contract; (3) unjust enrichment; and (4) debt. Wright seeks compensatory damages in the amount of $219.00, prejudgment interest, exemplary (*i.e.*, punitive) damages in an amount to be proven at trial, costs of suit, and such other relief as determined by the court.

## II. STANDARD OF REVIEW

A federal court may properly dismiss an action *sua sponte* under the screening provisions of 28 U.S.C. § 1915(e)(2)(B) if "the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief." *Ball v. Famiglio*, 726 F.3d 448, 452 (3d Cir. 2013); *see also* 28 U.S.C. § 1915(e)(2) (*in forma pauperis* actions). The court must accept all factual allegations in a complaint as true and take them in the light most favorable to a pro se plaintiff. *Phillips v. County of Allegheny*, 515 F.3d 224, 229 (3d Cir. 2008); *Erickson v. Pardus*, 551 U.S. 89, 93 (2007). Because Wright proceeds *pro se*, his pleading is liberally construed and his complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. at 94 (citations omitted).

An action is frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Under 28 U.S.C. § 1915(e)(2)(B)(i), a court may dismiss a complaint as frivolous if it is "based on an indisputably meritless legal theory" or a "clearly baseless" or "fantastic or delusional" factual scenario. *Neitzke*, 490 at 327-28; *Wilson v. Rackmill*, 878 F.2d 772, 774 (3d Cir. 1989). The legal standard for dismissing a complaint for failure to state a claim pursuant to § 1915(e)(2)(B)(ii) is identical to the legal standard used when ruling on Rule 12(b)(6) motions. *Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999)

2

(applying Fed. R. Civ. P. 12(b)(6) standard to dismissal for failure to state a claim under § 1915(e)(2)(B)). However, before dismissing a complaint or claims for failure to state a claim upon which relief may be granted pursuant to the screening provisions of 28 U.S.C. § 1915, the court must grant Wright leave to amend his complaint unless amendment would be inequitable or futile. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 114 (3d Cir. 2002).

A well-pleaded complaint must contain more than mere labels and conclusions. *See Ashcroft v. Iqbal*, 556 U.S. 662 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007). A plaintiff must plead facts sufficient to show that a claim has substantive plausibility. *See Johnson v. City of Shelby*, __U.S.__, 135 S.Ct. 346, 347 (2014). A complaint may not dismissed, however, for imperfect statements of the legal theory supporting the claim asserted. *See id.* at 346.

Under the pleading regime established by *Twombly* and *Iqbal*, a court reviewing the sufficiency of a complaint must take three steps: (1) take note of the elements the plaintiff must plead to state a claim; (2) identify allegations that, because they are no more than conclusions, are not entitled to the assumption of truth; and (3) when there are well-pleaded factual allegations, the court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief. *Connelly v. Lane Const. Corp.*, 809 F.3d 780, 787 (3d Cir. 2016) (internal citations and quotations omitted). Elements are sufficiently alleged when the facts in the complaint "show" that the plaintiff is entitled to relief. *Iqbal*, 556 U.S. at 679 (quoting Fed. R. Civ. P. 8(a)(2)). Deciding whether a claim is plausible will be a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*

## III. DISCUSSION

Wright invokes the jurisdiction of this court by reason of diversity of citizenship of the parties. Diversity jurisdiction requires that the matter in controversy is between citizens of different States and the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs). *See* 28 U.S.C. § 1332(a)

Wright is a resident of the State of Delaware and he alleges that Shackelford is a resident of the State of New Jersey. He seeks $219.00 as well as punitive damages. *See Packard v. Provident Nat'l Bank*, 994 F.2d 1039, 1046 (3d Cir. 1993) ("[P]unitive damages are properly considered in determining whether the jurisdictional amount has been satisfied."). While it appears that diversity of citizenship exists between the parties, the court concludes that Wright has not established that the amount in controversy exceeds $75,000. Delaware's high bar for a plaintiff to recover punitive damages requires demonstration of a defendant' "outrageous conduct," "an evil motive," or "reckless indifference." *Laugelle v. Bell Helicopter Textron, Inc.*, 88 A.3d 110, 125 (Del. Super. 2014) (citations omitted) As it now stands, the complaint fails to offer facts to support Wright's prayer for punitive damages.

Because the complaint fails to allege the amount in controversy required for diversity jurisdiction, the court lacks subject matter jurisdiction over this matter. However, since it appears plausible that Wright may be able to correct his pleading deficiencies, he will be given an opportunity to amend his pleading. *See O'Dell v. United States Gov't*, 256 F. App'x 444 (3d Cir. Dec. 6, 2007) (leave to amend is proper where the plaintiff's claims do not appear "patently meritless and beyond all hope of redemption").

4

## IV. CONCLUSION

For the above reasons, the court will dismiss the complaint for lack of subject matter jurisdiction. The plaintiff will be given leave to amend.

An appropriate order will be entered.

_____
UNITED STATES DISTRICT JUDGE

Oct 28, 2016
Wilmington, Delaware